TRESPASS quare clausum fregit. The plaintiff was tenant of a farm in Red Lion hundred during the year 1870, and until the 25th of March 1871, and had two fields of it in growing wheat when he removed from it, and was succeeded in the possession of it by the defendant as tenant, who kept a large number of hogs upon it without penning them up, which got into the fields of wheat under the fences inclosing them, and trespassed upon the wheat continuously through the Spring and Summer succeeding up to the time of cutting it, and during the harvest, and after it was removed to the stack yard, and destroyed in all from fifty to seventy-five bushels of it, according to the estimate of the witness. It was also proved that the defendant was aware that his hogs were so trespassing upon it, but did nothing to prevent them; and the action was to recover damages for the wrong and injury so done by them to the plaintiff.
Gray, for the defendant, on the closing of the testimony for the plaintiff, moved to enter a non-suit To maintain the action which was in trespass quare clausum fregit, the plaintiff must have exclusive possession of the soil on which the trespass is alleged to have been committed at the time when it was committed, and such a possession as one who is merely entitled to emblements, and a right of entry upon the premises and of ingress and egress for the purpose of gathering and carrying them away, has not, and cannot have in contemplation of law. 2Black. Com. 404. 1 Wms. on Exrs. 460. Co. Lit. 56a. But it does not appear that the plaintiff had even *Page 325 
that right or privilege in the present case. For the lease under which he held the farm, then in the exclusive possession of the defendant, contained no covenant or stipulation in relation to the right of the way-going tenant to the crop of wheat planted and growing, or as to his right of ingress and egress for the purpose of harvesting and removing the crop at its maturity; and no proof had been offered of any custom in such a case to show that he had such a right independent of the provisions of the lease. Com. on Land. and Ten. 359. Brown on Actions ofLaw, 45. Law Libr. 296, 415. Besides, it must be shown in such an action, that the injury complained of was direct and immediate, and not consequential in its character, or the result simply of the negligence of the defendant in not confining his hogs, but suffering them to so run at large on the farm as to get into the wheat, for our statutory provision abolishing the common law distinction between an action of trespass and an action on the case in that respect, does not apply in such a case as this. Cannon vs. Horsey, 1 Houst. 440.
J. W. Rodney, for the plaintiff. It has been directly decided in other States, if not in this, that an action of trespass quare clausum fregit
will lie in such a case, and that the preceding tenant has an exclusive possession of the locus in quo for the time being, and until the growing crop is matured and gathered and carried away, as will sustain such an action against the succeeding tenant of the farm, or any other trespasser upon it. Stewart vs. Doughten, 9 Johns. 108. Austin vs.Sawyer, 9 Cow. 40. Wilson vs. Macquett, 3 Burr. 1824. 1 Washb. on RealEst. 496. Cannon vs. Horsey, 1 Houst. 440.
Gray, replied.
By the Court. We consider that the plaintiff had such an exclusive possession of the whole crop of wheat while growing and until it was harvested and his landlord's *Page 326 
share as rent was severed from it, as would entitle and enable him to maintain an action of trespass quare clausum fregit for breaking and entering the close in which it was then growing, or being harvested and damaging it, against the succeeding tenant of the farm, the defendant; and as it has been proved that he was informed and well knew that his hogs were continually getting into the fields and seriously damaging the wheat of the plaintiff, it was his duty to have prevented it effectually; but as he made no effort to do that, the injury done by them was so far willful on his part, as to render him liable in this form of action for it, and not in an action on the case for it, as the result or consequence of his negligence merely. The motion for a nonsuit is, therefore, over-ruled.
The case then went to the jury and the plaintiff had a verdict.